UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMIE JOSEPH MANZ,

    Petitioner,

v.                                          Case No. 8:22-cv-1963-WFJ-SPF
                                           Crim. Case No. 8:18-cr-477-WFJ-SPF

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

The United States moves (Civ. Doc. 8) the district court to compel Petitioner Jamie Manz's former counsel, Public Defender Alec Fitzgerald Hall, to disclose the substance of his communications with Manz related to Manz's claims of ineffective assistance of counsel so that the United States may respond to Manz's amended motion under 28 U.S.C. § 2255. The United States moves the district court to require Mr. Hall to provide an affidavit summarizing the communications and any materials from his file bearing on the ineffective assistance claims.

Petitioner Manz proceeds on his Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 4), in which he challenges his sentence. He raises three claims of ineffective assistance of counsel against his former counsel, Mr. Hall. (*Id*. at 4–7) Generally, he claims that Mr. Hall failed to provide mitigating information to the district court about his participation in drug programs

while incarcerated in the state prison (Ground One), allowed him to speak until he "upset the judge about details all parties should have known" (Ground Two), and failed to "present the facts of what transpired" (Ground Three).  A prior order (Civ. Doc. 5 at 2) directs the United States to "[o]btain an affidavit from [Manz's] counsel in the underlying criminal matter which addresses any and all allegations of ineffective assistance of counsel."

The United States represents that it requested from Mr. Hall an affidavit addressing Manz's claims of ineffective assistance of counsel.  However, "[c]ounsel, citing ethics concerns, has conveyed that he will not disclose his communications with Manz or provide the United States with an affidavit addressing Manz's ineffective assistance of counsel claims unless this Court orders him to do so."  (Civ. Doc. 8 at 3)

When a Section 2255 petitioner raises an ineffective assistance of counsel claim, "inquiry into counsel's conversations with the defendant may be critical to a proper assessment of counsel's . . . litigation decisions." *Strickland v. Washington*, 466 U.S. 668, 691 (1984).  The petitioner waives the attorney-client privilege regarding relevant communications with his counsel when he claims that counsel rendered ineffective assistance.  *Johnson v. Alabama*, 256 F.3d 1156, 1178 (11th Cir. 2001) (holding that, by claiming ineffective assistance, a Section 2255 petitioner waives the attorney-client privilege regarding conversations that "bore on his attorney's strategic choices").  Further, Rule 7 of the Rules Governing Section 2255 Proceedings in the United States District Court authorizes a court to expand the record with certain types of materials,

2

including affidavits, answers under oath to written interrogatories, and other documents.

Petitioner Manz waived the attorney-client privilege regarding his relevant communications with Mr. Hall when he claimed Mr. Hall rendered ineffective assistance. And, the United States demonstrates that, to respond adequately to the amended Section 2255 motion, the disclosure of relevant communications between Mr. Hall and Manz is necessary, and that Mr. Hall appears unwilling to do so absent a court order.

Accordingly, the United States' motion to compel is **GRANTED**. By **DECEMBER 2, 2022**, Mr. Hall shall provide to the United States an affidavit setting forth the substance of his communications with Manz related to Manz's claims of ineffective assistance of counsel, as well as any materials from his file bearing on the ineffective assistance claims.

The United States' request for a forty-five day extension of time to respond to Manz's amended Section 2255 motion is **GRANTED**. The United States shall respond to the amended Section 2255 motion by **JANUARY 2, 2023**. Manz may file a reply within **THIRTY DAYS** after the United States files its response.

**ORDERED** in Tampa, Florida, on November 22, 2022.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE