UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMIE JOSEPH MANZ,
       Petitioner,

v.                                    Case No. 8:22-cv-1963-WFJ-SPF

UNITED STATES OF AMERICA,
       Respondent.
_____/

**ORDER DENYING MOTION**

Before the Court is Petitioner Jamie Joseph Manz's Amended Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 due to ineffective assistance of counsel. Civ. Doc. 4.[1] Respondent filed a response in opposition, Civ. Doc. 10, in which timeliness is conceded, *id.* at 6. Upon careful consideration, the Court denies Petitioner's motion.

**Procedural History**

In March 2019, Petitioner was convicted via guilty plea of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Cr. Docs. 1 & 51. Applying a downward variance that reduced the Sentencing Guidelines range by over 50%, the Court sentenced Petitioner to an incarceration term of one year and one day, followed by a three-year term of supervised release. Cr. Docs. 60−62.

---

[1] Docket filings in the instant civil action are cited using the prefix "Civ. Doc." Docket filings in Petitioner's underlying criminal case, No. 8:18-cr-477-WFJ-SPF, are cited using the prefix "Cr. Doc."

1

In December 2019, Petitioner was released from prison and began his supervision term. *See* Cr. Doc. 64. Within four months, Petitioner violated his release, *see id.*, but the Court forgave him and stayed its hand, Cr. Doc. 65. A few months later, Petitioner absconded and disappeared. *See* Cr. Doc. 86. at 2.

Petitioner remained at large in Pasco County, Florida, where he was eventually arrested and convicted of multiple felonies and misdemeanors in Pasco County Circuit Court[2] in 2021. *Id.* at 3. Following his completion of a term of imprisonment imposed by the state court, Petitioner was transferred to federal custody. Cr. Doc. 87 at 1. Before this Court in February 2022, Petitioner admitted to violating his federal supervised release ten times between April 2020 and June 2021. Cr. Doc. 91 at 1; Cr. Doc. 99 at 3–5. These violations consisted of using illegal drugs, having positive drug urinalysis tests, failing to participate in drug treatment, and receiving four convictions in Pasco County—(1) felon in possession of a firearm, (2) carrying a concealed weapon, (3) possession of drug paraphernalia, and (4) driving while license suspended. Cr. Doc. 91 at 1.

With a guidelines range of 12 to 18 months' imprisonment for his supervised release violations, *see* Cr. Doc. 99 at 5, this Court varied upward and imposed the statutory maximum sentence of 24 months' imprisonment with no further federal supervision, to run consecutively with Petitioner's Pasco County sentence, *see* Cr.

---

[2] *See* Pasco County Circuit Court Case Number 2021CF000051CFAXWS.

Doc. 91 at 3. The Eleventh Circuit affirmed on appeal, with mandate issuing on August 29, 2022. *United States v. Manz*, No. 22-10470, 2022 WL 3012295 (11th Cir. 2022); Cr. Doc. 107. Petitioner now seeks to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Civ. Doc. 4.

## DISCUSSION

In his amended § 2255 motion, Petitioner brings three claims of ineffective counsel. *Id.* Each claim is fairly generic and nearly identical, as they all relate to alleged failures of Petitioner's counsel in connection with the supervised release hearing and allocution.[3] *See id.* Petitioner asserts that his counsel did not present mitigating information in a timely manner and, had all parties known of that mitigating information and been made aware of the improvements in Petitioner's behavior following his violations, this Court would have accepted the Government's sentencing recommendation of a guideline sentence instead of varying upward. *Id.*

Petitioner bears the burden of proof and persuasion on each and every aspect of his claims, *Beeman v. United States*, 871 F.3d 1215, 1221−25 (11th Cir. 2017 (collecting cases), which is "a significantly higher hurdle than would exist on direct appeal" under plain error review, *see United States v. Frady*, 456 U.S. 152, 16466

---

[3] The first ground asserts a failure to marshal data and make a presentation favorable to sentencing. Civ. Doc. 4 at 4. The second ground asserts prejudice from the alleged failure in ground one, with Petitioner further contending that his lawyer should not have "allowed me to talk til I upset the Judge about details." *Id.* at 5. The third ground complains that Petitioner's lawyer focused on Petitioner's past instead of his present, ongoing rehabilitation, because "[t]he Court, Government and Probation should of [sic] known, my violations were awful and repetitive but what happened in the aftermath was and is amazing." *Id.* at 7.

3

(1982). Accordingly, if this Court "cannot tell one way or the other" whether his claims are valid, then Petitioner has failed to carry his burden. *In re Moore*, 830 F.3d 1268, 1273 (11th Cir. 2016).

A petitioner must meet a stringent, two-prong test to prove an ineffective assistance of counsel claim. First, the petitioner must show that counsel committed "errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In other words, a petitioner must establish deficient performance by showing that "no competent counsel would have taken the action that his counsel did take." *See Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000). This standard is both "rigorous" and "highly demanding" to meet, and it requires a showing of "gross incompetence" on counsel's part. *Kimmelman v. Morrison*, 477 U.S. 365, 381−82 (1986). Second, the petitioner must prove prejudice resulting from that deficient performance. *Id*. If the petitioner fails to establish either of the *Strickland* prongs, his claim fails. *See Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1319 (11th Cir. 2005).

Under *Strickland*, a petitioner faces a "high bar" to prove his ineffective assistance claims. 466 U.S. at 690. A court must adhere to the "strong presumption" that his counsel has "rendered adequate assistance and [has] made all significant decisions in the exercise of reasonable professional judgment." *Id*. As the Eleventh Circuit has explained, the *Strickland* test:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*Waters v. Thomas*, 46 F.3d 1506, 1512 (11th Cir. 1995) (quoting *White v. Singletary*, 972 F.2d 1218, 1220−21 (11th Cir. 1992)).

Here, the record of the revocation hearing of which Petitioner now complains shows that he was ably and aptly represented by skilled counsel. *See* Cr. Doc. 99. Petitioner was represented by Alec Hall, Federal Defender of the Middle District of Florida, who was appointed by the Eleventh Circuit and is one of the most experienced and effective defense lawyers in the state. During his revocation hearing, Petitioner swore under oath that he "had enough time to go over [the allegations] with" Federal Defender Hall by replying "I understand what I did, sir." *Id.* at 2−3. Petitioner told the Court that he was prepared to proceed with sentencing and understood the ten violations alleged against him. *Id.* at 3–5. This Court reviewed the allegations and confirmed that Petitioner was pleading "guilty to each of [them] because [he] was, in fact, guilty." *Id.* at 5.

The Court does not need to repeat here the colloquy during the revocation hearing, as it is in the record. *See* Cr. Doc. 99. Petitioner had a very poor prior record, which became even worse while on supervised release. He and Federal Defender Hall labored ably to overcome both this fact and the fact that the Court had

5

greatly varied downward at Petitioner's sentencing.  Federal Defender Hall's presentation of mitigating circumstances was well done, as evidenced by the hearing transcript.  He did not leave out any mitigating information that would have changed the result in Petitioner's case.  As Federal Defender Hall states in his affidavit, Petitioner made the Court aware of his rehabilitative efforts prior to the Court rendering its sentence.  *See* Civ. Doc. 10-1 at 3–4.  In fact, the hearing was longer and more detailed than most revocation hearings, with Petitioner speaking at length and providing the Court with multiple letters written on his behalf.

However, as Federal Defender Hall correctly notes, this Court was unmoved by Petitioner's rehabilitative efforts given the fact that Petitioner had again committed the exact same crime of which he was initially convicted—felon in possession—and for which the Court had sentenced him pursuant to a downward variance.  *Id*.  As the Court stated at the hearing, "[w]e probably ran out of mercy with that first downward variance." Cr. Doc. 99 at 16.  The Court informed Petitioner that it could have revoked his supervised release when he committed his first few violations but did not, only for Petitioner to abscond and receive two felony and two misdemeanor charges in state court.  *Id.*  Accordingly, the Court explained that it was basing its statutory maximum sentence on 18 U.S.C. § 355(a) factors, "primarily public safety and the incidence of recidivism[.]" *Id*. at 17.  Petitioner's lamentable criminal history, like the seriousness of his offenses, warrant the sentence this Court imposed.  The arguments that Petitioner and his lawyer offered at the hearing did not

6

excuse his offenses or justify a decrease in his sentence. The facts could not be changed, and no prejudice has been shown.

Ultimately, Petitioner's claims are meritless and fail to meet the threshold of ineffective assistance of counsel under *Strickland*. Petitioner's arguments of additional mitigating factors are unsubstantiated and not credible. *See generally* Civ. Doc. 4. He therefore cannot prove that his counsel performed deficiently by failing to raise more mitigating information at the hearing. *See, e.g.*, *Card v. Duggar*, 911 F.2d 1494, 1520 (11th Cir. 1990) ("Counsel cannot be labeled ineffective for failing to raise issues which have no merit."). Petitioner's claims are simply insufficient to overcome the presumption that counsel acted reasonably. *See Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992) (citation omitted) ("conclusory allegations of ineffective assistance are insufficient"); *see also Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (citations omitted) (explaining that a petitioner is not entitled to habeas relief "when his claims are merely 'conclusory allegations unsupported by specifics' or 'contentions that in the face of the record are wholly incredible'").

There is no need for an evidentiary hearing. The substance of Petitioner's § 2255 motion is squarely refuted by the record. Summary dismissal is warranted when "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case show that the movant is not entitled to relief[.]" *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2003). Such is the case here.

## CONCLUSION

Based on the foregoing, Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence, Civ. Doc. 4, is **DENIED**.  The Clerk is directed to enter judgment in favor of Respondent and against Petitioner and close this case.  This Court should grant an application for Certificate of Appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make this showing.  Thus, a Certificate of Appealability is also **DENIED**.  Given that Petitioner is not entitled to a Certificate of Appealability, he is not entitled to proceed on appeal *in forma pauperis*.

   **DONE AND ORDERED** at Tampa, Florida, on April 28, 2023.

> */s/ William F. Jung*
> **WILLIAM F. JUNG**
> **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record
Petitioner, *pro se*